Rochelle L.W. GRAY, et al.,
Appellants/Plaintiffs,

v.

Larry HUMPHRIES, et al.,
Respondents/Defendants.

No. 72643.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 27, 1998.

---

Elbert A. Walton, Jr., St. Louis, for appellants/plaintiffs.

Robert P. Baine, Jr., Florissant, for respondents/defendants.

GRIMM, Presiding Judge.

Superintendent, one of the defendants,[1] orally notified mother and son that son, a high school student, would be expelled due to non-residency. Mother and son sought and were granted a temporary restraining order. Subsequently, their petition, which also

sought preliminary and permanent injunctions and attorney fees, was dismissed for lack of subject matter jurisdiction.

Plaintiffs appeal raising two points. They allege that section 167.020 [2] and section 536.150 grant jurisdiction to the circuit court to review the school board's action. Defendants filed a motion to dismiss plaintiffs' appeal, alleging several grounds, including mootness. We deny plaintiffs' points and grant defendants' motion.

## I. Background

We glean the facts from the pleadings. Plaintiffs' petition was filed March 26. It alleged that son attended Hazelwood East High School. On March 21, 1997, plaintiffs were orally advised son would not be able to return to classes on March 31 due to his non-residency. Students were off between the two dates for a spring break, however son was on the track team and a track meet was scheduled for March 29.

Further, the petition alleged that plaintiffs were residents of the Hazelwood School district. The petition acknowledged that the decision to bar son from school was appealable to the Hazelwood School Board, but that barring him pending a hearing on April 1 would be detrimental to his education and psychological development. The petition sought "a temporary, preliminary and permanent injunction" against suspending or expelling son, plus damages and attorney fees.

The trial court issued its temporary restraining order and order to show cause. The order precluded defendants from suspending or expelling son or preventing him from participating as a member of the track team. Further, the trial court set the motion for preliminary injunction for April 1.

On March 28, defendants filed a motion to dissolve the temporary restraining order. They contended that section 167.020 gave the defendant school board exclusive authority to determine residency, subject only to the right of appeal under Chapter 536, RSMo. Also, on March 28, at plaintiffs' request and

---

**1.** The other defendant is the Hazelwood School Board.

**2.** Unless otherwise indicated, all statutory references are to RSMo Cum.Supp.1996.

with defendants' consent, the motion for preliminary injunction was reset for April 11.

In addition to filing these pleadings, plaintiffs also appealed the superintendent's decision to the school board. The board scheduled that hearing for April 9. At that hearing, the superintendent withdrew his order expelling son. Thus, the school board terminated the hearing.

On April 11, plaintiffs filed a "Motion for Summary Judgment and Award of Attorneys Fees." Plaintiffs' prayer asked for summary judgment pursuant to Rule 74.04 and "for an award of attorneys fees and litigation costs as provided for under Section 167.020.7." Plaintiffs attached numerous exhibits to the motion. On April 30, the trial court granted the March 28 motion to dissolve the temporary restraining order "for lack of jurisdiction." It dismissed plaintiffs' cause and implicitedly denied plaintiffs' request for attorney fees.

## II. Motion to Dismiss Appeal

### a. Expulsion Issues are Moot

Plaintiffs' original petition sought to keep son in Hazelwood East High School. As to that issue, defendants contend the appeal is moot. At the hearing before the school board, the superintendent withdrew his charge of non-residency. Since plaintiffs "prevailed," they obviously did not appeal the decision of the school board to allow son to remain in school. Thus, plaintiffs did not invoke the provisions of Chapter 536 to seek our review. Further, the pleadings reflect that son did not miss any school. That issue is moot.

### b. Attorney Fees

The only remaining issue is plaintiffs' claim for attorney fees. Plaintiffs' first point alleges "section 167.020 vests jurisdiction in the court to review a school board's determination to bar admission of a student to school for non-residency and to award attorneys fees, litigation costs and damages to the aggrieved party." Although this point does not comply with Rule 84.04(d) because it does not state the trial court's ruling sought to be reviewed or "wherein and why" it is claimed to be erroneous, we review ex gratia.

Section 167.020 establishes guidelines and requirements for registration of pupils. It contains seven subsections. The first six subsections cover registration requirements for students. Section 167.020.2, on which plaintiffs rely, concerns proof of residency in the district. Neither that subsection, or any of the other subsections concerning residency of students, authorize or even mention attorney fees or litigation costs and damages.

The last subsection, section 167.020.7, covers student records. It places an obligation on school officials enrolling a student to request certain records from the student's previous school(s). The subsection also places an obligation on the student's previous school(s) to furnish the reports. Further, it places restrictions on the access to such records. It is in this context that the last paragraph of section 167.020.7(2) states:

> Any person found in violation of this *subsection* is guilty of a class B misdemeanor. Whenever any school entity fails to comply with *these provisions,* a parent may bring a civil action against the school district for attorney fees, litigation costs and damages. (emphasis added).

Plaintiffs argue these provisions authorize civil suits for attorney fees arising from disputes over student registration. We disagree. The specific language of section 167.020.7(2) and its context clearly limits its application to matters arising under section 167.020.7, i.e. student records.

The general rule is that ordinarily attorney fees cannot be recovered absent statutory authority or a contractual provision. Estate of Zeppenfeld, 593 S.W.2d 890, 894–95 (Mo.App.E.D.1979). Here, in the absence of statutory authority, plaintiffs were not entitled to attorney fees, litigation costs and damages under section 167.020. Plaintiffs' first point is denied.

In their second point, plaintiffs' allege "section 536.150 and Supreme Court Rule 100.08 grants jurisdiction to the court to review action of the school board by injunctive relief." As with point one, this point does not comply with Rule 84.04(d).

Section 536.150 RSMo 1994 provides a mechanism for courts to review by injunction

or other means the decisions of administrative officers and bodies. However, by its express terms, section 536.150.1 applies only when the decision "is not subject to administrative review." Here, the superintendent's decision was subject to the school board's review, as well as judicial review. Plaintiffs filed their petition before the administrative review had been completed. When that administrative review was completed, plaintiffs did not seek further review. Section 536.150 does not furnish any basis for circuit court jurisdiction in this matter.

Plaintiffs also quote and rely on Rule 100.08. Rule 100 pertains to Judicial Review of Administrative Decisions. Presently, that rule encompasses only Rules 100.01 and 100.02. Rule 100.08 is no longer in effect. The supreme court repealed it effective January 1, 1983. Plaintiffs' second point is denied.

Having found that the relief sought in plaintiffs' petition is either moot or not authorized by any statute or rule, defendants' motion to dismiss plaintiffs' appeal is granted.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.